# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY J. POZNANSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 1199 |
| v. ) | |
| ) | Judge John W. Darrah |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stanley J. Poznanski, filed an application for Disability Insurance Benefits on October 21, 2002, alleging he was disabled beginning on June 28, 2002, due to foot numbness, carpal tunnel syndrome, and dizziness. Plaintiff's application and his subsequent request for reconsideration were denied. Plaintiff filed a Request for Hearing; and on March 11, 2004, a hearing was held before Administrative Law Judge (ALJ) Daniel Dadabo. Plaintiff, Plaintiff's son, and a vocational expert (Grace Gianforte) testified at the hearing. On July 21, 2004, ALJ Dadabo denied Plaintiff's disability application.

Plaintiff filed with the Appeals Council a Request for Review of Hearing Decision, which was denied. In February 2005, Plaintiff filed a Complaint, requesting review of the final determination pursuant to 42 U.S.C. § 405(g). On October 5, 2005, this Court reversed the Commissioner's decision and remanded Plaintiff's claim to the agency for further administrative

proceedings. Presently pending before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").[1]

The EAJA provides that a district court may award attorney's fees to a successful litigant if: (1) he was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances existed that would make an award unjust, and (4) he timely filed an application with the district court. *See Cunningham v. Barnhart*, ___ F.3d ___, ___, 2006 WL 538252 at *1 (7th Cir. 2006) (*Cunningham*). It is undisputed that the only issue before the Court is whether the Government's position was substantially justified.

Attorney's fees may be awarded if the Commissioner's pre-litigation conduct of litigation position lacked substantial justification. The Commissioner's pre-litigation conduct includes the ALJ's decision. *See Cunningham*, ___ F.3d at ___, 2006 WL 538252 at *1. The Commissioner's position is substantially justified if it has "reasonable factual and legal bases, and there . . . exist[s] a reasonable connection between the facts and her legal theory." *Cunningham*, ___ F.3d at ___, 2006 WL 538252 at *1. The burden of establishing that the Commissioner's position was substantially justified lies with the Commissioner. *See Cunningham*, ___ F.3d at ___, 2006 WL 538252 at *1.

Plaintiff argues that the ALJ's decision lacked substantial justification because the ALJ misapplied Seventh Circuit precedent and the Commissioner's own regulations regarding the weight to be given to a treating physician and then compounded the errors by defending them in court.

---

[1] The complete history of the case and the Court's findings are fully set forth in the Court's previous Memorandum Opinion and Order and are not repeated here.

2

In the instant case, the ALJ relied upon the opinion of the non-examining state agency medical consultant, rejecting the Plaintiff's treating physician's (Dr. Benton's) opinion, to conclude that Plaintiff did not have an impairment or combination of impairments that met of any the applicable criteria. The ALJ found that Dr. Benton's March 11, 2004 functional assessment, which purported to find no ability for even sedentary exertion, merited "only limited weight." The ALJ identified multiple reasons for giving little weight to Dr. Benton's opinion.

An ALJ must articulate reasons for accepting or rejecting certain evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) (*Herron*). The ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). A treating physician's opinion regarding the severity and nature of a medical condition is entitled to controlling weight if it is well supported by medical findings and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (*Gudgel*). An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; the contradictory opinion of a non-examining physician, by itself, does not suffice. *See Gudgel*, 345 F.3d at 470.

The ALJ did articulate reasons for rejecting Dr. Benton's opinion, which included relying on the non-examining witness's opinion. While the Court found that the rejection of Dr. Benton's opinion and reliance on the non-examining physician's opinion were not supported by substantial evidence, the ALJ did state multiple generalized reasons for the rejection of Dr. Benton's opinion and identified some of the medical evidence that supported his decision. There was additional evidence in the record to support the ALJ's decision, although it was not fully explained. Under these facts, it cannot be concluded that the Commissioner's position was not substantially justified.

3

See *Cunningham*, ___ F.3d at ___, 2006 WL 538252 at * 3 (although ALJ was not as thorough in his analysis as he could have been, the lack of thoroughness did not amount to a lack of substantial justification); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004) (Commissioner's position was not substantially justified because (1) the ALJ's decision failed to contain *any* discussion of credibility, (2) the ALJ mischaracterized the medical evidence and ignored evidence supporting the claimant's claim, and (3) the Commissioner argued that the credibility determination could be implied was directly contrary to the Commissioner's own ruling).

For the reasons stated above, Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is denied.

Dated: March 28, 2006

JOHN W. DARRAH
United States District Court Judge

4